[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STIPULATED STATEMENT OF FACTS REGARDING SUE WEST
1. Sue West is a nurse who had practiced nursing for several years before becoming a legal assistant.
2. Ms. West became a legal assistant in the firm of Rosenblum 
Filan in May of 1995 and worked there as a legal assistant for nearly two years, when she resigned in January, 1997. CT Page 5692
3. Ms. West resigned to accept an offer of a position as a legal assistant at Silver Golub Teitell.
4. Rosenblum Filan is one of several law firms in Fairfield County which concentrates in the defense of physicians in medical liability cases.
5. These physicians are insured by the Connecticut Medical Insurance Company.
6. Silver Golub Teitell concentrates in representing plaintiffs suing physicians and hospitals for medical malpractice. Many of these physicians are insured by the Connecticut Medical Insurance Company. Further, several of these physicians are represented by Rosenblum Filan.
7. Silver Golub Teitell has five pending medical malpractice cases with Rosenblum Filan. In addition, they have two fire cases that will be going into suit shortly which Rosenblum 
Filan will be defending.
8. In all of these cases, the injuries alleged are extremely serious. For example, in Devine v. Beinfield, plaintiff alleges that there was a delay in diagnosing breast cancer, and, as a result, her cancer significantly metastasized. The plaintiff is the mother of young children. In another case, namely, Ruscoe v. Elisofon, the plaintiff alleges that the Rosenblum Filan defendant failed to promptly diagnosis a condition in an infant leading to brain damage.
9. Ms. West took an active role in all aspects of the cases where Silver Golub represented the plaintiff.
10. Ms. West called the defendants in these cases and received calls from the defendants.
11. Ms. West attended conferences with these defendants where attorneys interviewed these defendants.
12. Ms. West attended conferences with these defendants where she herself interviewed the defendants.
13. Ms. West reviewed the medical records pertaining to these cases. CT Page 5693
14. Ms. West reviewed confidential memoranda regarding these cases.
15. Ms. West prepared analyses of the strengths and weaknesses of cases for defense counsel and for insurers.
16. In some cases, Ms. West participated in locating and selecting experts for cases.
17. In all cases, Ms. West participated in interviewing experts and exploring their evaluations of cases.
18. Ms. West prepared confidential memoranda regarding her interview of experts.
19. Ms. West's confidential memoranda included the expert's evaluation of the strengths and weaknesses of claims in these cases.
20. If an expert was not supportive of a defendant, and were therefore not disclosed, she would write confidential reports to insurers explaining why the experts criticized the defendant's care.
21. In some cases, Ms. West discussed the financial status of defendants with them in connection with litigation.
22. In some cases, Ms. West discussed some physicians' emotional response to litigation.
23. The physicians were explicitly told to speak candidly and freely with Ms. West because of her substantive involvement in cases and her nursing background and because it was necessary for her to have all possibly material facts in assisting in the defense of cases.
24. The physicians were explicitly told that all their discussions with Ms. West were protected by the attorney-client privilege and that they could be assured that their conversations would not, in any respects, be disclosed to third parties much less plaintiff's attorneys.
25. Ms. West had multiple discussions with claims representatives from Connecticut Medical Insurance Company concerning the CT Page 5694 conversations with the defendants and experts in these cases.
26. Ms. West prepared confidential reports to Connecticut Medical Insurance Company concerning the conversations with the defendants and experts in these cases.
27. Ms. West discussed defense strategy in these cases with defense counsel.
28. Ms. West discussed defense strategy in these cases with claims representatives of insurers.
29. Silver Golub is one of the two firms which is known for specializing in representing plaintiffs in medical malpractice cases in Fairfield County.
30. In addition to the cases in which Rosenblum Filan represents defendants, Silver Golub has other cases in which physician defendants are insured by Connecticut Medical Insurance Company.
31. All of the cases which Ms. West handled are currently pending.
32. The foregoing sets forth the paremeters of the discussions between Ms. West, counsel for the defendants, and the claims representatives of the defendants' insurer. Details of the conversations, of course, cannot be disclosed and attributions to specific individuals cannot be disclosed because of the attorney client-privilege.
The Defendant
 By: ______________________ JAMES ROSENBLUM ROSENBLUM FILAN One Landmark Square Stamford, CT 06901 (203) 358-9200 JN: 051555
 CERTIFICATION
I hereby certify that a copy of defendant's STIPULATEDSTATEMENT OF FACTS REGARDING SUE WEST were sent via Certified CT Page 5695 Mail on this 21st day of May, 1997 to the following (there are no pro se parties):
Ernest F. Teitell Silver Golub Teitell LLP PO Box 389 184 Atlantic Street Stamford, Connecticut 06904
John P. Flanagan Pullman Comley 850 Main Street PO Box 7006 Bridgeport, CT 06601-7006
 ____________________________ James B. Rosenblum